```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division

ANGELA C. RAYMOND,                  )
                                    )
     Plaintiff,                     )
                                    )
                                    )
        v.                          )  Civil Action No. 1:16cv398
                                    )
RATNER COMPANIES, L.C., et al.,     )
INC.,                               )
                                    )
     Defendants.                    )
                                    )
```

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on its Order dated February 22, 2017 in which Defendants' Motion for Sanctions was granted. (Dkt. 33.) Upon consideration of the pleadings, the undersigned makes the following recommendation for dismissal pursuant to 28 U.S.C. §636(b)(1)(B).

## PROCEDURAL HISTORY

Plaintiff filed a Complaint, through counsel, in this action on April 7, 2016, alleging "violations of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. U.S.C. 2000e et seq., and the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. 12111 et seq. because Defendant discriminated against her on the basis of her race and her disability in the terms of her employment" against defendants

1

Ratner Companies, L.C., Creative Hairdressers, Inc., d/b/a Hair Cuttery, and Bubbles, Inc. (Dkt. 1.)

On September 22, 2016, plaintiff's counsel requested leave to withdraw as counsel citing "a difference of opinion as to the best methods to utilize in proceeding" with the action which could not be resolved. (Dkt. 7.) Over six weeks later, plaintiff's counsel filed a Supplement to Motion to Withdraw as Counsel in which counsel stated she communicated with plaintiff by phone call and plaintiff made "her first affirmative opposition to counsel's withdrawal" from the matter. (Dkt. 11.) Plaintiff also expressed to counsel that she would send a letter to the Court. (Id.) The Court did not receive correspondence from plaintiff and, subsequently, granted the Motion to Withdraw as Attorney on November 14, 2016. (Dkt. 12.)

On December 21, 2016, plaintiff did not appear for the Initial Pretrial Conference. (Dkt. 16.) The next day, the Court ordered plaintiff to appear before the Court on January 13, 2017, to show cause why she should not be held in contempt of the Court and her case be dismissed. (Dkt. 17.)

A status conference was held on January 13, 2017 and the show cause hearing was reset for January 27, 2017. (Dkt. 19.) Plaintiff did not appear at the January 13, 2017 hearing. (Id.) Defendants then filed a Motion to Compel Discovery prior to the January 27, 2017 hearing stating that plaintiff failed to

2

respond to the written discovery served in the case. (Dkts. 21, 22.) Plaintiff was not present at the January 27, 2017 hearing and the Court granted defendants' Motion to Compel Discovery. (Dkt. 26.) The Court's order warned plaintiff that failure to adequately respond to defendants' discovery requests by February 3, 2017, may result in sanctions, including dismissal of the case. (Id.)

On February 10, 2017, defendants filed a Motion for Sanctions requesting defendants' attorneys' fees and costs due to plaintiff's failure to comply with the Court's order dated January 27, 2017. (Dkt. 27.) Defendants also filed a Petition for Attorney's Fees and Costs for fees incurred related to their Motion to Compel Discovery. (Dkt. 30.) A hearing on the Motion for Sanctions was held on February 17, 2017. (Dkt. 31.) Plaintiff was again not present and the Court granted defendants' motion for sanctions.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) if a party fails to obey an order to provide or permit discovery, the Court where the action is pending may dismiss the action in whole. Fed. R. Civ. P 37(b)(2)(A)(v). Federal Rule of Civil Procedure 37(b)(2)(C) provides that in addition to dismissal, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P 37(b)(2)(C).

The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37, requiring that the court "determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998); Cooper v. Fedex Ground Package Sys., Inc., No. 1:16CV547(JCC/TCB), 2017 WL 586874, 8 (E.D. Va. Feb. 14, 2017).

The plaintiff in this case has been given many chances to conform to the Federal Rules of Civil Procedure, but instead has failed to comply with discovery requests and, in addition, has never appeared at hearings before the Court, including her failure to appear pursuant to the Court's order directing her to show cause on January 27, 2017. Although it is unclear whether plaintiff acted in bad faith, the prejudice to defendants is clear since plaintiff failed to produce or respond to discovery requests. Additionally, there is a need to deter this complete

non-compliance with the Court's orders and less drastic sanctions by the Court have been found ineffective.

## REQUESTED RELIEF

Defendants seek attorneys' fees and costs in relation to their Motion to Compel, Motion for Sanctions, and their overall defense of the case. (Dkts. 30, 34, 45.)

Defendants request that the Court award it $ 2,730.00 in fees representing the reasonable and necessary fees incurred by defendants in preparing for and attending the hearing on Defendants' Motion to Compel and second Show Cause hearing on January 27, 2017. (Dkt. 30 at 3-4.) Attorney Paul Kennedy spent 2.9 hours at a billing rate of $500.00 per hour and attorney Eunju Park spent 4 hours at a billing rate of $320.00 in connection with the Motion to Compel and second Show Cause hearing. (Dkt. 30-1 at 2.)

Next, defendants request that the Court award it $3,258.00 in fees, representing the reasonable and necessary fees incurred by defendants in preparing for and attending the hearing on Defendants' Motion for Sanctions on February 17, 2017. (Dkt. 34 at 3.) Attorney Paul Kennedy spent 3.7 hours at a billing rate of $500.00 per hour and attorney Eunju Park spent 4.4 hours at a billing rate of $320.00 in connection with the Motion for Sanctions. (Dkt. 34-1.)

Additionally, defendants request the remaining fees of $8,564.50 incurred in defending the case, excluding the previously mentioned fees incurred in the Motion to Compel and Motion for Sanctions. (Dkt. 35.) Attorney Paul Kennedy spent 9.5 hours at a billing rate of $500.00 per hour and attorney Eunju Park spent 12.7 hours at a billing rate of $320.00 in connection with the case. (Dkt. 35-1.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended in defending this case.

## RECOMMENDATION

For the reasons outlined above, the undersigned recommends that plaintiff's Complaint against defendants be dismissed pursuant to Federal Rule of Civil Procedure 37. Further, the undersigned recommends the Court award defendants their total requested attorneys' fees and costs of $14,552.50.

NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to plaintiff at the following address:

Angela C. Raymond
1501 28th Street S
Apt. 2
Arlington, VA 22206

/s/
Theresa Carroll Buchanan
United States Magistrate Judge
_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

March 6, 2017
Alexandria, Virginia

7